07-3477-pr
Dicks v. Chow

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of June, two thousand ten.

PRESENT:
       GUIDO CALABRESI,
       ROSEMARY S. POOLER,
       DENNY CHIN,
              *Circuit Judges.*

---

Jeffrey Dicks,

       *Plaintiff-Appellant,*

       v.                                                    07-3477-pr

Janet Chow, of Binding Together Inc.,
Joseph Williams, Warden of Lincoln Correctional
Facility,

       *Defendants,*

Members of the Temporary Release Committee,
Carrington, Parole Officer, Fair, Corrections
Officer, Donna McDonald, Joan Taylor, Senior
Counselor, Maria Tirone, Deputy Superintendent,

       *Defendants-Appellees,*

The Department of Corrections,

     *Defendant*,

The State of New York, Binding Together Inc.,

     *Defendants-Appellees*.

---

FOR APPELLANT:     Jeffrey Dicks, *pro se*, Brooklyn, NY.

FOR APPELLEES:     Steven C. Wu, Assistant Solicitor General, of Counsel (Andrew Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General), New York, NY.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeffrey Dicks, *pro se*, appeals a judgment of the United States District Court for the Southern District of New York (Baer, *J.*), entered after the district court granted Appellees' motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a), in Appellant's 42 U.S.C. § 1983 action, and dismissed Appellant's claims against Defendant Brewington for improper service. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.   Dismissal for Lack of Service**

We review a district court's dismissal for untimely service for an abuse of discretion. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007) (affirming the district court's

2

dismissal where the record showed that the plaintiff had made no effort to effect service and had not moved for an extension within a reasonable time).  We have held that a district court abuses its discretion when it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff. *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002). Here, we find no abuse of discretion, as the claim was dismissed over a year after the filing of the amended complaint, the court provided notice that the unserved defendants would be dismissed, and Appellant has never asserted any good cause for his failure to effect service.  *See Zapata*, 502 F.3d at 196.

## II.  Rule 50(a) Motion

"We review the district court's [grant] of a motion for judgment as a matter of law *de novo*, applying the same standards as the district court to determine whether judgment as a matter of law was appropriate."  *Coffey v. Dobbs Int'l Servs. Inc.*, 170 F.3d 323, 326 (2d Cir. 1999)(internal quotation omitted) Argument as a matter of law is appropriate when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'"  *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 43 (2d Cir. 2002) (quoting Fed. R. Civ. P. 50(a)).  Thus, "the trial court is required to consider the evidence in the light most favorable to the party against whom the motion was made and give that party

3

the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Id.* (internal quotation omitted).

## A. Due Process

It is well-settled that prisoners have a liberty interest in their continued participation in a work release program. *See Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000). In the work release revocation context, due process requires: (1) written notice of the claimed basis for revocation; (2) disclosure of evidence against the inmate; (3) an opportunity to be heard in person and to present evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral hearing body; and (6) a written statement by the factfinder detailing the reasons for revocation and identifying "some evidence" in the record to support the findings. *Id.*

Here, Appellant received all the process that he was due. With respect to the April 2002 hearing that resulted in his removal from the work release program, Appellant acknowledges having received notice of the charges approximately two days prior to the hearing. Furthermore, the record demonstrates that Appellant was present at the hearing and received a written statement explaining the basis for the resulting recommendation. There is no support in the record for a finding that Appellant was denied the right to present evidence or confront witnesses.

4

We do not consider Appellant's arguments, raised for the first time on appeal, that he was entitled to an inmate assistant in preparation for the hearings or that the hearings placed him in double jeopardy. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

With respect to the March 2002 hearing that resulted in the imposition of a 90-day probationary period and loss of furloughs, Appellant's only argument on appeal involves a conflict of interest in the presence on the hearing committee of a parole officer with prior knowledge of Appellant; however, this alone is insufficient for a finding of bias. *See Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989) ("Because of the special characteristics of the prison environment, it is permissible for the impartiality of such officials to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process.").

## B. Access to Courts

Prisoners have a "fundamental constitutional right of access to the courts," in light of which "prison authorities [have an obligation] to assist inmates in the preparation and filing of meaningful legal papers." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In order to establish a violation of this right, an inmate must demonstrate that he was "hindered [in] his efforts to

5

pursue a legal claim. . . . for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis v. Casey,* 518 U.S. 343,351(1996). Here, although Appellant's appeal of the denial of his motion under New York Criminal Procedure Law § 440.10 was not docketed because of his failure to properly file it, there is no evidence demonstrating that he could not have known where to file the appeal, nor would such an inference be reasonable in light of his two previous appeals from the denials of § 440.10 motions.

### C.   Free Exercise

The PLRA's requirement that prison inmates exhaust administrative remedies prior to seeking relief in federal court, see 42 U.S.C. § 1997e(a), "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust may be excused only where: (1) administrative remedies were not in fact "available"; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks omitted).

Although Appellant testified to having filed a grievance

with regard to his free exercise claim, it is undisputed that he did not file an appeal.  Nor does a *de novo* review of the record reveal any basis for excusing his failure.  Appellees properly raised the issue of exhaustion, and Appellant did not demonstrate that any behavior by the defendants rendered his administrative remedies unavailable or that any "special circumstances" justified his failure to exhaust.  *See Hemphill*, 380 F.3d at 686. Accordingly, judgment as a matter of law on this claim was appropriate.  *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk