11-30-cv
Harper v. City of New York, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand eleven.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                      *Circuit Judges*.

_____

ALISTER HARPER,

                      *Plaintiff-Appellant*,

          -v-                                          11-30-cv

CITY OF NEW YORK, POLICE OFFICER HELLIESER,
79th Precinct, New York Police Department, POLICE OFFICER OBIE,
103rd Precinct, New York Police Department, POLICE OFFICER JOHN
C. TAVARAS, 103rd Precinct, New York Police Department, POLICE
OFFICER DAVID LEVY, 107th Precinct, New York Police Department,
POLICE OFFICER ROSA GOMEZ, 103rd Precinct, New York Police
Department, POLICE OFFICER C. HAMLIN, New York Police Department,[*]

                      *Defendants-Appellees*.

_____

Appearing for Appellant:     Andrew James Schatkin, Law Offices of Andrew J. Schatkin,
                             Jericho, NY.

_____

[*] We direct the Clerk of Court to amend the caption as noted.

Appearing for Appellee:     Michael A. Cardozo, Corporation Counsel of the City of New York, Francis F. Caputo, Elizabeth I. Freedman, *of counsel*, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Alister Harper ("Harper") appeals from an Order issued by Judge Gleeson of the United States District Court for the Eastern District of New York on November 17, 2010, dismissing Harper's claims against the City of New York pursuant to Federal Rule of Civil Procedure 12(b)(6), and against the six individually named Police Officers pursuant to Federal Rule of Civil Procedure 4(m). Harper now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Harper raises principally three issues: (1) that the district court erred in dismissing his claims against the City pursuant to 42 U.S.C. § 1983 because he sufficiently alleged that a custom or policy resulted in the deprivation of his constitutional rights; (2) that the district court erred in dismissing Harper's claims regarding the incident that allegedly took place on June 3, 2007, as time-barred by the three-year limitations period applicable to actions brought pursuant to 42 U.S.C. § 1983; and (3) that the district court erred in dismissing Harper's claims against the individually named police officers pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Harper also objects to the district court's criticism of Harper's counsel's misconduct as "improper under the law." We address each of these arguments in turn.

We review a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo, "accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor." *Legnani v. Alitalia Linee Aeree Italiane*, *S.P.A.*, 274 F.3d 683, 685 (2d Cir. 2001). We affirm such a grant "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (internal quotation marks omitted). Where, as here, "the complaint involves a civil rights violation . . . the standard is to be applied with particular strictness." *Doe v. City of New York*, 15 F.3d 264, 266 (2d Cir. 1994) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not contain "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, citations, and alterations omitted).

2

The district court correctly dismissed Harper's claims against the City pursuant to Rule 12(b)(6). In order to assert a claim against the City under Section 1983, a plaintiff must demonstrate that "a government [], under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978). Harper must thus show two basic elements: (1) "the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]" and (2) "a causal connection--an 'affirmative link'--between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).

Assuming that Harper has made a colorable claim of a constitutional deprivation by alleging six different instances of "false arrest" and "harassing incidents," to state a claim against the City he must additionally allege facts that would support a finding that the violation of his rights was the result of a policy or a custom undertaken by the City. Harper's complaint only states that "with the condination [sic] and cooperation of the City of New York and the New York City Police Department, and through the New York City Police Department's pattern of illegal and false arrest, without probable cause, through a continuing series of harassing incidents, false arrests, and false charges lodged against him, without probable cause, [Harper] had his Civil Rights grossly violated." Harper argues that this statement, in conjunction with the specific events he alleges, sufficiently states a claim against the City, and that it is "picayune on the part of the trial court to insist on the specific words custom or policy when the sum of that concept is clearly stated in this claim against the City of New York." It is not, however, the absence of the words "custom" or "policy" that make Harper's claim fail, but rather that the facts alleged do not amount to a claim against the City under Section 1983. Asserting that there exists a pattern of issuing summonses *against Harper* is insufficient to allege the existence of a custom or policy undertaken by the City; Harper does not even provide an indication of what the City's custom or policy to which he was subjected consists of. Indeed, just like the presence of the words "custom" or "policy" is not necessary to make out a successful claim against a municipality under Section 1983, the mere presence of the words "pattern" or "cooperation" is insufficient to cure facts that fail to establish a policy undertaken by the City in violation of a plaintiff's constitutional rights. Accordingly, we affirm the court's dismissal of Harper's claim pursuant to Rule 12(b)(6).

While the district court does not materially rely on its conclusion that the claims in Harper's complaint relating to the incident on June 3, 2007, were time-barred given that the amended complaint filed either incompletely on June 9, 2010, or completely on June 12, 2010, was past the three year statute of limitations deadline, it was nevertheless correct in so holding. We review a district court's general application of a statute of limitations de novo. *See Somoza v. New York Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008). "The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations for a Section 1983 claim begins to run "when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted). Harper raises no arguments on appeal that the district court has not already thoroughly addressed below. Accordingly, we affirm the district court's determination that all claims relating to the June 3, 2007 incident are time-barred.

We review a district court's Rule 4(m) dismissal for failure to serve process under an abuse of discretion standard. *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002). Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

We have interpreted the Rule to give courts both the discretion to grant extensions of the period of service even where no good cause has been shown and, in the absence of good cause, to deny such extensions--that is, a court "may grant an extension . . . but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Moreover, "[w]here . . . good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Id.*

Rule 4 sets forth the requirements for service of process in a civil suit. *Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). In addition to the 120-day deadline, the Rule sets forth what a summons should contain, including that it indicate the name of the court and of the parties, that it be signed by the Clerk, and that it bear the court's seal. *See* Fed. R. Civ. P. 4(a)(1). The district court below addressed the service of process on each individual defendant.

The district court found that four of the six individually named defendants never received a summons or a copy of the amended complaint, a conclusion that Harper does not challenge on appeal. Even if he had, it would not be meritorious, as the affidavits of service reveal that service of process was never completed for those four defendants. Instead, Harper argues on appeal, as he did below, that he properly served two of the individual defendants--Officers Levy and Hellieser--and that in a multi-defendant case, service of even one summons on a defendant will suffice. The affidavit of service shows that Officers Levy and Hellieser were in fact served, in satisfaction of the requirements under Rule 4(e) of the Federal Rules of Civil Procedure, by following New York state law for serving a summons. However, the summons served on both Levy and Hellieser did not satisfy the requirements of Fed. R. Civ. P. 4(a), which stipulates that a summons must be signed by the Clerk of Court, *id.* at 4(a)(1)(F), and that it bear the court's seal, *id.* at 4(a)(1)(G). Under Rule 4(b): "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). At oral argument before the district court, counsel for Harper acknowledged that the Clerk of Court never issued summonses for the individual defendants in this case. *Harper v. City of New York*, No. 09-CV-5571, 2010 WL 4788016, at *8 n.12 (E.D.N.Y. Nov. 17, 2010). On appeal, Harper does not argue otherwise, and such a claim would be fruitless, as the docket sheet further reveals that the Clerk of Court never issued a summons for Levy or Hellieser, or for any of the other individual defendants. Rather, Harper argues that "the requirement that each summons be signed by the Clerk of the Court and a Seal provided, is

4

not required under the law." He cites to no law in support of this proposition, and this Court is aware of none.

The district court focused in particular on the dismissal of the claim against Officer Hellieser, as dismissal of that claim "would have more serious consequences than the dismissal of Harper's other claims" because dismissal without prejudice under Rule 4(m) would result in dismissal with prejudice, as the statute of limitations for that claim had expired. *Id.* at *9. In deciding whether to dismiss the claim against Hellieser, the court properly stated that, while it need not grant an extension, it "must carefully consider the impact" that the dismissal would have on the parties. *Id.* The court explained that it was "acutely aware that behind counsel stands a plaintiff who has alleged a violation of his constitutional rights, and who will be unable to pursue his claim against Hellieser if it is now dismissed due to counsel's neglect. Nonetheless, in light of counsel's continuous disregard of the procedures that govern this action, I see no justification for extending the time to serve Hellieser." *Id.* at *10. The court continued, enumerating counsel's various failures and errors, which it noted exhibited "a troubling pattern of carelessness," resulting principally in harm to his client's case. *Id.* Those errors included Harper's counsel's failure to allege in his initial complaint the claims that were the basis of his amended complaint; missing the deadline imposed by the court in submitting the amended complaint; failing to obtain summonses for the added individual defendants; alleging in the amended complaint events that are bizarrely similar to events contained in the initial complaint, albeit with different dates and involving different actors. *Id.* Moreover, the court stated that, when faced with these deficiencies, counsel responded "by trying to substitute his own outrage at the alleged misconduct of the officers for compliance with the basic procedural rules governing his client's case." *Id.*

*Zapata* "leave[s] to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." 502 F.3d at 198. The reviewing court in *Zapata* held that "[e]ven assuming the prejudice" to defendants "was slight," plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay," thus finding that the district court did not abuse its discretion in deciding to not grant an extension. *Id.* at 199. Similar to *Zapata*, the facts here do not warrant a finding that the court abused its discretion in dismissing Harper's claim, and we affirm the district court's decision to dismiss the claims against the individual defendants pursuant to Rule 4(m). We further note that the claims alleged against all officers except for Officers Gomez and Hellieser are not time-barred by the applicable statute of limitations.

On appeal Harper advances one final argument--that the district court's decision was "improper under the law" because it discussed "plaintiff's attorney's personal qualities or deficiencies to some extent." Harper misunderstands the import of Judge Gleeson's decision. Rather than amount to personal attacks, the Order's reference to plaintiff's counsel's various deficiencies was, unfortunately, an accurate and impartial recitation of the facts. Counsel repeatedly failed to comply with the basic procedural requirements necessary to properly commence his client's case, resulting in its dismissal. On appeal he has fared no better, presenting misguided arguments to excuse his shortcomings and in the course of doing so, has exhibited some serious misunderstandings of the law.

Accordingly, we refer Harper's counsel, Attorney Andrew J. Schatkin, to this Court's Grievance Panel.  *See, e.g.*, *Edmee v. Coxsackie Corr. Facility*, No. 09-Civ-3940, 2009 WL 3318790 (E.D.N.Y. Oct. 14, 2009), *Fahmy v. Duane Reade, Inc.*, No. 05-Civ-9479, 2006 WL 2322672, at *5 n.7 (S.D.N.Y. Aug. 8, 2006).

We have considered all of Harper's arguments on appeal, and found them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED and it is ORDERED that Attorney Andrew J. Schatkin is referred to this Court's Grievance Panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6