06-1059-cv
Zapata v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: August 29, 2007      Decided: September 20, 2007)

Docket No. 06-1059-cv

- - - - - - - - - - - - - - - - - - -x

ANDIE ZAPATA,

                    Plaintiff-Appellant,

          -v.-

THE CITY OF NEW YORK and CORRECTION
OFFICER "JOHN" MORAN, Shield Number
Unknown,

                    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - -x

     Before:      JACOBS, Chief Judge, KATZMANN, and HALL,
                  Circuit Judges.

     Appeal from a judgment entered on February 2, 2006 in

the United States District Court for the Southern District

of New York (Brieant, J.), dismissing a § 1983 complaint

alleging assault by a corrections officer on a prisoner.

The question on appeal concerns the dismissal as to Officer

Moran for failure to effect timely service under Rule 4(m):

did the district court abuse its discretion by dismissing

without a discretionary extension of the service period where the claim was time-barred absent such an extension?

We affirm.

TRACIE A. SUNDACK, Tracie A. Sundack & Associates, LLC, White Plains, NY, for Plaintiff-Appellant.

SUSAN PAULSON, Assistant Corporation Counsel (Francis F. Caputo, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, for Defendants-Appellees.

DENNIS JACOBS, Chief Judge:

Andie Zapata sues the City of New York and a corrections officer under 42 U.S.C. § 1983, alleging that he was assaulted at the Rikers Island correctional facility by one Officer Moran. He appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, J.) insofar as it dismissed Zapata's claim against Officer Moran for failure to effect timely service under Federal Rule of Civil Procedure 4(m) without granting a discretionary extension. Zapata argues that this was an abuse of discretion (notwithstanding his failure to show good cause) because the denial of an extension rendered

Zapata's claims time-barred.[1]

We join several other circuits and hold that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause under certain circumstances; but here, we decline to vacate for abuse of discretion because Zapata not only failed to show good cause but advanced no colorable excuse whatsoever for his neglect.

**BACKGROUND**

On June 27, 2002 (according to the complaint) Officer Moran assaulted Zapata in the inmate holding pen at the Anna M. Kross Center on Rikers Island, resulting in serious bodily injury. On September 5, 2002, Zapata filed an administrative claim with the City complaining that he had been "assaulted by C.O. Moran #76079" at the "C-95 AMKC clinic waiting area."

More than two years later (on May 18, 2005) Zapata filed a complaint in the district court, naming the City and Officer Moran as defendants in a suit under 42 U.S.C. § 1983

---

[1] Zapata does not appeal from the dismissal of his claims against the City.

and state common law; the complaint alleged that it was the policy, custom and practice of the City to inadequately supervise, train and discipline their officers.[2]  Zapata served the City with a summons and complaint on June 2, 2005.  On June 27, 2005 (coincidentally, the day the three-year statute of limitations for Zapata's § 1983 claims would have run had the complaint not been filed),[3] the City sought a 60-day enlargement of the time in which to file an answer.  In its letter to the court, the City noted that Officer Moran had not yet been served.  The City filed its answer on August 22, 2005; again, the City stated that, to its knowledge, Officer Moran had not yet been properly served.  At an initial conference on September 16, 2005, Zapata's

---

[2] 42 U.S.C. § 1983 imposes liability on any person who under color of state law "subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Municipalities may only be held liable under § 1983 for the acts of their employees if the deprivation results from a policy or custom of the municipality.  See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

[3] "In section 1983 actions [within New York], the applicable limitations period is . . . three years."  Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).

4

counsel asked the City for Officer Moran's work location. On September 19, 2005, Zapata's counsel forwarded a copy of the summons and complaint by express mail to a process server who served Officer Moran at Riker's Island (the location of the 2002 incident). Federal Rule of Civil Procedure 4(m) provides that actions are subject to dismissal without prejudice unless service is made within 120 days. Zapata's service on Officer Moran was therefore effected four days beyond the service period, and 84 days after the expiration of the original limitations period.[4]

The City moved to dismiss the Complaint on November 2, 2005, on the grounds that all of Zapata's allegations against the City either failed to state a claim or were time-barred, and that Zapata's claims against Officer Moran were subject to dismissal for lack of timely service and should be dismissed with prejudice as time-barred because the statute of limitations had run since the filing of the

---

[4] "[T]he statute of limitations for the underlying claim is tolled during [Rule 4's 120-day service] period." Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990). But if the plaintiff's action is dismissed for a failure to serve within 120 days, "the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to [its] termination . . . ." Id.

5

complaint. On November 23, 2005, Zapata responded to the City's motion to dismiss and cross-moved for an extension, nunc pro tunc, of the time in which to serve Officer Moran. Zapata claimed that he was unaware of Officer Moran's first name, badge number or work location when he filed the complaint. The City's reply memorandum attached Zapata's September 2002 administrative claim form, which lists Officer Moran's badge number and work location. In a memorandum in further support of the cross-motion, Zapata's counsel explained that she did not know of the existence of the claim form until she received the City's reply, and she argued that the City should have included a copy of the claim form in its initial disclosures.

Zapata's memoranda (in opposition to the motion to dismiss and in further support of the cross-motion) argued that the service period should be extended either for good cause or in light of the harsh application of the statute of limitations. According to Zapata's memoranda, the 1993 Amendments to Rule 4 allowed district courts to grant extensions even in the absence of good cause.

By memorandum opinion on January 31, 2006, the court

dismissed Zapata's claims against the City (a decision which Zapata does not challenge on appeal) and dismissed Zapata's claims against Moran as time-barred and declined to grant Zapata an extension of the service period:

> Proof of service . . . confirms this service, four days beyond the 120 day period provided in Rule 4, Fed. R. Civ. P.  The Statute of Limitations for the Constitutional tort sued on expired on June 28, 2005.  Service of process on Moran made within 120 days would have related back to the filing of the lawsuit on May 18, 2005 and would have been timely.  Prejudice is assumed in the case of individuals sued after the Statute of Limitations has run.  Such cases differ from those situations cited by Plaintiff where the claim itself is not time-barred, but service is late under Rule 4. . . .  The case is dismissed as to defendant Moran as time-barred.

Zapata v. City of New York, No. 05 Civ. 4799, slip op. at 2-4 (S.D.N.Y. Jan. 31, 2006).  Zapata's cross-motion to extend the service period nunc pro tunc, which the district court described as a "[c]ross-Motion . . . for an extension of time to serve papers in opposition to the motion to dismiss," was deemed moot in light of the resolution of the motion to dismiss.  Id. at 1.

This timely appeal followed.

7

**DISCUSSION**

**I**

Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected. We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

Under Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Prior to 1993, the substance of this rule appeared in the former Rule 4(j), which provided that if service was not made within 120 days, and the serving party "cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." The Advisory Committee notes to the 1993 Amendment disclosed the purpose of the amendment:

> The new subdivision explicitly provides that

8

> the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Before the 1993 Amendments, we generally did not approve an extension absent a showing of good cause, even when a statute of limitations would bar the re-filed action and effectively convert the dismissal without prejudice under Rule 4(m) into a dismissal with prejudice. See, e.g., McGregor v. United States, 933 F.2d 156 (2d Cir. 1991); Frasca v. United States, 921 F.2d 450 (2d Cir. 1990). But since 1993, those of our sister circuits that have considered the issue have heeded the Advisory Committee and held that district courts have the discretion to grant extensions of the service period even where there is no good cause shown; and this is consistent with a passing comment from the Supreme Court on the issue. See, e.g., Henderson v. United States, 517 U.S. 654, 662-63 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded

9

discretion to enlarge the 120-day period 'even if there is no good cause shown.'" (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes)); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005); Panaras v. Liquid Carbonic Indus., 94 F.3d 338, 340-41 (7th Cir. 1996); Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995); Petrucelli v. Bohringer and Ratzinger, Gmbh, 46 F.3d 1298, 1304-08 (3d Cir. 1995).

While we have not decided the question, our opinion in Bogle-Assegai v. Connecticut expressed skepticism about granting extension without good cause: we rejected as "unsupported by any authority of this Court" the contention that plaintiff "was not required to show good cause in order to be given an extension of time to make proper service." 470 F.3d 498, 508 (2d Cir. 2006). This observation was linked to the factual context of that case: "Bogle-Assegai, who was neither a pro se litigant nor incarcerated, made no showing whatever as to any effort on her part to effect personal service . . . . And . . . she also made no effort to show good cause for her failure and never requested an extension of time [while] the case was pending after she

10

first learned of the [defendants'] objections to service." Id. at 509. Thus Bogle-Assegai declined to vacate because the plaintiff failed to advance any cognizable excuse for neglect--even one falling short of good cause. We therefore do not read that decision to hold categorically that good cause is required in every case for an extension of the service period under Rule 4(m). Such a reading of Bogle-Assegai would be inconsistent with the wording of the rule and the views of the Supreme Court.

We hold that district courts have discretion to grant extensions even in the absence of good cause. But this holding does not in itself resolve Zapata's appeal.


**II**

Zapata complains that the district court failed to consider the impact of the 1993 amendments on the former Rule 4(j); this contention necessitates closer attention to the two-clause structure of the post-1993 Rule 4(m), which provides that if service is not effected within 120 days,

[1] "the court . . . shall dismiss the action without

11

prejudice . . . or direct that service be effected within a specified time"; but that

[2] "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Some of our sister circuits have characterized the second clause to govern "mandatory" good cause extensions and the first clause to govern "discretionary" extensions in the absence of good cause.  See Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002); De Tie v. Orange County, 152 F.3d 1109, 1112 n.5 (9th Cir. 1998); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Espinoza, 52 F.3d at 841.

It is clear under the second clause of Rule 4(m) that an extension is always warranted upon a showing of "good cause," because the rule commands that an "appropriate" extension "shall" be granted upon such a showing.  But it is perhaps misleading to describe the provision as "mandatory." After all, the district court's determinations on whether

12

good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion. See Thompson, 309 F.3d at 110; Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 382-83 (7th Cir. 1998).

The first clause of Rule 4(m), which makes no mention of good cause, grants discretion to district courts in a backhanded fashion by dictating that they "shall" take a certain action once 120 days have passed without service: they must decide to dismiss . . . or decide not to dismiss. But no criteria for this decision are supplied in the rule itself; this silence commits extensions in the absence of good cause, like determinations on the presence of good cause, to the sound discretion of the district court.

Some circuits require district courts to engage in a formal two-step inquiry to first evaluate good cause and then demonstrate their awareness that an extension may be granted even in the absence of good cause. See, e.g., Panaras, 94 F.3d at 340-41; Petrucelli, 46 F.3d at 1305. In our view, whether such a bifurcated inquiry would be useful is a question best left to the district court: the two steps inevitably involve a weighing of overlapping equitable

considerations; and we owe deference to the district court's exercise of discretion whether or not it based its ruling on good cause. So we require no mechanical recitation of the implications of the 1993 Amendment.

Where, as here, good cause is lacking,[5] but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.

Here, there are abundant indications that the district court was made aware of the scope of its discretion: Zapata argued to the district court both that he had shown good cause and that the time-bar justified an extension even in the absence of good cause; acknowledging Zapata's citation of the latter principle, the district nonetheless denied an

---

[5] Zapata's brief to this Court argues solely that the district court failed to consider a "discretionary" extension under the 1993 Amendments to Rule 4, and Zapata has therefore abandoned any claim to an extension for good cause.

14

extension based on the prejudice that Officer Moran would suffer by being forced to defend a time-barred action.

## III

Zapata argues that, aside from the procedure the district court utilized, it was required to grant an extension in light of the absence of prejudice to Officer Moran and the great prejudice to Zapata arising from the operation of the statute of limitations.[6]

As we have held, a district court <u>may</u> grant an extension in the absence of good cause, but it is not required to do so. <u>See</u> <u>Coleman</u>, 290 F.3d at 934. Moreover, our holding in <u>Bogle-Assegai</u> suggests that, before we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect. 470 F.3d at 509 (declining to consider plaintiff's argument that she was not required to show good cause because "[i]n any event, [the plaintiff]

---

[6] Zapata raises no explicit challenge to the district court's decision to deny an extension of the service period and simultaneously to dismiss his action with prejudice as time-barred. We therefore do not address the issue.

15

made no showing whatever as to any effort on her part to effect personal service[,] made no effort to show good cause for her failure and never requested an extension of time [while] the case was pending"); see also Coleman, 290 F.3d at 934-35 (citing the plaintiff's failure to properly effect timely serve "with no even colorable justification" after holding that "the fact that the balance of hardships favors the plaintiff does not <u>require</u> the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule" (emphasis added)).[7]

Zapata takes issue with the district court's statement that prejudice to Officer Moran was "assumed" because the statute of limitations had run. According to Zapata, this reasoning was erroneous and constituted an abuse of discretion, because it is the prejudice to the <u>plaintiff</u>

---

[7] Because Zapata was denied an extension, we express no opinion on what circumstances will indicate an abuse of discretion where a district court has <u>granted</u> an extension without a showing of good cause. <u>See generally</u> <u>Efaw v. Williams</u>, 473 F.3d 1038, 1040-41 (9th Cir. 2007). While we read <u>Bogle-Assegai</u> to indicate that this Court will not disturb a district court's dismissal absent some colorable excuse raised by the plaintiff, nothing in our opinion should be read as a per se rule that <u>district courts</u> must require such an excuse in all cases.

that would most naturally be "assumed" where a dismissal without prejudice would time-bar the action.  This is a fair point; the Advisory Committee Notes to the 1993 Amendments specifically mention that an extension might be justified where statute of limitations would bar the refiling of an action.  And at least one circuit has held that district courts may not deny an extension solely based on the prejudice to the defendant arising from the statute of limitations.  See Boley, 123 F.3d at 759.  But we decline to adopt such a per se rule on the matter.  It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired; and it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice on technical grounds--this is no less true where the technical default was the result of pure neglect on the plaintiff's part.  But in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect.  Thus,

17

while we disagree with the district court's formulation that a dispositive degree of prejudice to the defendant is "assumed" when statute of limitations would bar the re-filed action, we leave to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.

In any event, Zapata's assertion that Officer Moran suffered no prejudice from service only a few days outside the period of service is misleading; while the limitations period was tolled for the service period, prejudice does not toll. Nothing in the record besides the 2002 incident itself suggests Officer Moran had any notice that the action was forthcoming (much less already pending), and service was effected almost three months after the limitations period would have run had the complaint never been filed.

Even assuming the prejudice to Officer Moran was slight, and taking into account the district court's unfortunate choice of language in denying an extension, we find no abuse of discretion. Like the plaintiff in <u>Bogle-</u>

18

*Assegai*, Zapata made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay. Zapata's only justification--that he was unaware of Officer Moran's badge number and the location at which he could be served--is flatly contradicted by the record. Zapata filed an administrative claim in 2002-- nearly three years before he filed his complaint--that contained a cursory description of the incident along with Officer Moran's last name, badge number, and work location (the Anna M. Cross Center at Riker's Island). In spite of Zapata's possession of this information, he neither made any attempt to serve Officer Moran at the Rikers Island facility during the 120-day service period nor made any attempt during that period to ask the Court for an extension of time in which to serve Officer Moran. Nothing on the record indicates that Zapata ever requested any information from the City on the issue even though the City pointed out the failure to serve Officer Moran when it made its request for an enlargement of time to answer (nearly three months before the end of the service period) and when it served its answer

19

(more than three weeks before the end of the service period).  Zapata finally attempted to serve Officer Moran at Rikers Island <u>after</u> the 120-day service period had passed, and even then, rather than immediately asking the district court to bless the untimely service by granting an extension, Zapata waited two months to seek an extension <u>nunc pro tunc</u> after receiving the City's motion to dismiss. While Zapata initially responded to the City's motion to dismiss by claiming to have been unaware of Officer Moran's badge number and work location, Zapata's later papers and his brief to this Court state that Zapata's counsel was unaware that Zapata knew Officer Moran's badge number; counsel avers that she assumed that the City would gratuitously supply the information necessary to effect service which she could not (or would not) obtain from her client.  In this context, a description of poor communication between client and counsel is a confession of neglect, not an excuse for it.  On these facts, we find no abuse of discretion in the district court's judgment.[8]

---

[8] Zapata also contends that we should vacate the district court's decision because of its alleged failure to correctly describe Zapata's motion to extend the service period <u>nunc pro tunc</u>--the district court's decision can be

**CONCLUSION**

For foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

read to erroneously describe the cross-motion as seeking an extension of time in which to oppose the City's motion to dismiss.  (In our view, the district court's ambiguous language can also be read to describe the cross-motion for an extension as being a free-standing opposition to the motion to dismiss that is moot in light of the district court's incorporation of the Rule 4 issue into its ruling on the motion to dismiss.)  Whether or not the district court correctly described the motion, it confronted the merits of the issue under Rule 4 and made reference to Zapata's citations to authority on the propriety of an extension.  So we are confident that the district court would have reached the same conclusion regardless of the manner in which it described Zapata's motion, and there is no need for a remand on this basis.