07-3709-cv
Khan v. Khan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
      WILFRED FEINBERG,
      ROBERT A. KATZMANN,
            *Circuit Judges*,
      P. KEVIN CASTEL,[*]
            *District Judge*.

_____

Mohammad Humayun Khan,

    *Plaintiff-Appellant*,

    v.                                              07-3709-cv

Wajahat M Khan, M.D., Ambreen Ahmed,
Izhar Ahmed,

    *Defendants-Appellees*.

_____

---

[*]P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        Mohammad Humayun Khan, *pro se*, Bethpage, N.Y.


   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

   Appellant Mohammad Humayun Khan, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *J.*), dismissing his diversity action, and its order denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   As an initial matter, we note that we have jurisdiction to review both the district court's final judgment and its order dismissing Appellant's timely-filed motion for reconsideration. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008). However, because Appellant has not raised any substantive arguments on appeal with respect to the denial of his motion for reconsideration, we need not address that order. *See LoSacco v. City of Middleton*, 71 F.3d 88, 93 (2d Cir. 1995).

   We review for abuse of discretion a district court's dismissal for failure to serve process. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. *See Burda Media, Inc. v. Viertel*,

2

417 F.3d 292, 298 (2d Cir. 2005) (citing *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)).

Service of process may be completed by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Although the terms "dwelling" and "usual place of abode" "have eluded any hard and fast definition," we have recognized that "a person can have two or more dwelling houses or usual places of abode, provided each contains sufficient indicia of permanence." *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) (internal quotations omitted).

Here, the address at which Appellant attempted to effect service lacked any indicia of permanence for Appellee Ambreen Ahmed. Her affidavit and supporting documentation demonstrated that she stayed at the house for less than a month before moving into a permanent residence prior to the attempted service, without any demonstrated intent to return. Appellant did not meet his burden of proving otherwise, demonstrating only that the address had at one time been listed for Ambreen Ahmed in the California court system. Appellant additionally produced no evidence of Appellee Izhar Ahmed's connection to the address; although the record demonstrates that Izhar Ahmed regularly visited California for weeks at a time, there is no evidence regarding the frequency or duration of his stays at that address,

3

particularly in light of evidence demonstrating that he stayed at a different address. Accordingly, the district court did not abuse its discretion in finding that Appellant had not effected proper service.

Furthermore, while the defense of insufficient service of process may be waived by a party's failure to either raise it in a motion under Rule 12(b) of the Federal Rules of Civil Procedure or to include it in a responsive pleading, *see* Fed. R. Civ. P. 12(h)(1), it is clear that, contrary to Appellant's arguments, the Appellees raised the claim of insufficient service in their first responsive pleading, seeking to vacate the default judgment on that very basis.

We have considered all of Appellant's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment and order of the district court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____