*Prophete v. Officer Cortes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand ten.

PRESENT:

> RALPH K. WINTER,
> JOSEPH M. McLAUGHLIN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

GERALD PROPHETE,
> *Plaintiff-Appellant,*

v.

NEW YORK POLICE DEPARTMENT,
> *Defendant-Appellee,*

CITY OF NEW YORK,
> *Defendant.*

---

09-2103-cv
Summary Order

Gerald Prophete, *pro se*, Brooklyn, NY, *for Plaintiff-Appellant*.

Alan G. Krams, Law Department, The City of New York, New York, NY, *for Defendant-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Gerald Prophete, *pro se*, appeals from the September 9, 2008 and April 17, 2009 orders and the April 21, 2009 judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*), dismissing his 42 U.S.C. § 1983 claims against the City of New York, and *sua sponte* dismissing his § 1983 claims against Officer Cortes for failure to prosecute. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Here, Prophete does not challenge the district court's dismissal of his claims against the City of New York, and those claims are therefore waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

Insofar as the district court dismissed Prophete's claim against Officer Cortes for failure to prosecute, we construe the district court's order as a dismissal for failure to serve. We review such dismissals for abuse of discretion. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). A district court abuses its discretion if it bases its ruling on an erroneous view of the law or clearly erroneous findings of fact, or if its decision "cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after

notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." We will not overrule a district court's dismissal for lack of service unless the appellant "advance[s] some colorable excuse for neglect." *Zapata*, 502 F.3d at 198 (affirming district court's dismissal under previous version of Rule 4(m), where record showed that plaintiff had made no effort to effect service and had not moved for an extension within a reasonable time); *see also* Fed R. Civ. P. 4(m) advisory committee's note (noting that changes to Rule 4 under 2007 Amendment were intended to be stylistic only).

We find that the district court did not abuse its discretion when it dismissed Prophete's complaint *sua sponte* for failure to effect service upon Officer Cortes. The record indicates that after granting Prophete leave to add Officer Cortes as a defendant and excusing Prophete's failure to amend his complaint within the time permitted by its order, the district court gave Prophete 120 days in which to serve Officer Cortes, and provided him notice that failure to effect service, or to show good cause why service could not be effected, could result in a dismissal of his complaint. We find nothing in the record to suggest that Prophete made any effort to effect service, moved for an extension of time to serve Officer Cortes, or demonstrated good cause for failure to effect service. In his brief, Prophete neither explains any effort he made to effect service, nor does he "advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198.

We have considered all of Prophete's other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3