12-1053-cv
*Jones v. Vives, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
ROBERT D. SACK,
    *Circuit Judges.*

_____

JAMES JONES,

    *Plaintiff-Appellant*,

    v.                                                          No. 12-1053-cv

ADRIANA VIVES, M.D.; PHELPS, CORRECTION OFFICER;
JOHN DOE,
    *Defendants-Appellees*,

MITCHELL MACK, WARDEN; JANE DOE, RIKERS
ISLAND—MEDICAL DEPARTMENT; HICKS, OTIS BANTUM
CORRECTIONAL CENTER; JOHN DOE, MEDICAL DOCTOR,

    *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**   JONATHAN ROMBERG (William O'Brien and Lauren Repole, Law Students, *argued*), Seton Hall University School of Law Center for Social Justice, Newark, NJ.[1]

**FOR DEFENDANTS-APPELLEES:**   JANE L. GORDON (Edward F.X. Hart, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's February 7, 2012 judgment is **AFFIRMED**.

Plaintiff-appellant James Jones appeals from the District Court's February 3, 2012 Memorandum and Order, dismissing his 42 U.S.C. § 1983 complaint against defendants-appellees Adriana Vives, M.D., Correction Officer Phelps, and John Doe (jointly, "Defendants"). Jones argues that Defendants violated his constitutional rights by allegedly denying and delaying treatment for his broken hand.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review *de novo* a district court's decision to grant a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). Nonetheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

---

[1] Law students appearing pursuant to Local Rule 46.1(e).

[2] We note that Defendants dispute many of Jones's allegations—most notably, the specifics and severity of his alleged injury as well as the length of time between his alleged injury and treatment—and rely on Jones's prison medical records to support their arguments. Because we affirm the District Court on a different basis, we do not consider Defendants' arguments on this score.

An Eighth Amendment claim arising out of inadequate medical care requires a plaintiff to demonstrate a defendant's "deliberate indifference to [his] serious medical needs."[3] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference has an objective prong and a subjective prong. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The objective component requires that the deprivation be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id.* (quotation marks omitted). The subjective component requires that "the charged official must act with a sufficiently culpable state of mind," which we have noted "is the equivalent of criminal recklessness." *Id.* Moreover, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." *Id.*; *see also Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

After reviewing the record *de novo* and applying the foregoing standards, we conclude that Jones has failed to state a claim for deliberate indifference to his medical needs. We briefly note the reasons underlying our determination.[4]

## A.

Jones's central complaint is that the Defendants did not act with the requisite urgency in treating his allegedly broken hand. But even accepting his allegations as true, we cannot conclude that the Defendants' actions (or inaction) rise to the level of deliberate indifference. For instance, Jones relies heavily on the fact that Dr. Vives initially prescribed Motrin to relieve his pain but did not order an X-ray of his hand until several days later. However, as the Supreme Court has noted, "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." *Estelle*, 429 U.S. at 107.

In sum, although a § 1983 claim can be based on a significant delay in receiving medical treatment, a plaintiff must allege that the individuals causing the delay had the requisite state of mind, which we have noted "is the equivalent of criminal recklessness." *Hathaway*, 99 F.3d at 553. In this case, Jones's allegations, at most, amount to medical malpractice, and such allegations are not sufficient to state a § 1983 claim under the Eighth Amendment.

---

[3] "Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009).

[4] Because we conclude that Jones did not allege sufficient facts to satisfy the subjective prong of the deliberate indifference standard, we do not consider either party's arguments regarding the objective prong.

**B.**

We also conclude that the District Court did not abuse its discretion in dismissing the claims against the named John Doe defendant pursuant to Federal Rule of Civil Procedure 4(m). *See* Joint App'x 72-73; *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Although Jones appeared *pro se* before the District Court, he was given repeated opportunities to identify and serve the named John Doe defendant. Indeed, since August 2009, Jones has had copies of his medical records, in which his treating physicians—including the named John Doe defendant, Dr. Janvier—were identified. Nonetheless, Dr. Janvier was not identified or served when Jones filed his Fourth Amended Complaint in January 2011, and Jones offers no persuasive reason for us to excuse his lack of diligence.

**CONCLUSION**

We have considered all of Jones's arguments on appeal and conclude that they are without merit. Accordingly, the February 7, 2012 judgment of the District Court is **AFFIRMED**.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] We acknowledge with appreciation the service *pro bono publico* of the representation of Jones by law students in the Center for Social Justice of the Seton Hall University School of Law as well as Professor Jonathan Romberg, who supervises the law school's Impact Litigation Clinic.