13-2712-cv
Frankenberger v. Firth Rixson, Incorporated

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

BRIAN FRANKENBERGER,

                    *Plaintiff-Appellant*,

             -v-                                              13-2712-cv

FIRTH RIXSON, INCORPORATED,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Brian Frankenberger, Rochester, N.Y.

Appearing for Appellee:      Margaret A. Clemens, Taren Nicole Greenidge, and
                             Jacqueline Phipps Polito, Littler Mendelson, P.C.,
                             Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Brian Frankenberger, proceeding *pro se*, appeals from a June 10, 2013 decision and order of the United States District Court for the Western District of New York (Telesca, *J.*) dismissing his complaint on account of his failure to effect service on the defendant. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve process for abuse of discretion. *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). A district court abuses its discretion if it bases its ruling on an erroneous view of the law or clearly erroneous findings of fact, or if its decision "cannot be located within the range of permissible decisions." *Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks and citations omitted). Pursuant to Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A district court also has discretion to enlarge the 120-day period for service, even in the absence of good cause. *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007). Ordinarily, we will not overrule a district court's dismissal for lack of service unless the appellant "advance[s] some colorable excuse for neglect." *Id.* at 198.

We conclude that the district court did not abuse its discretion in dismissing Frankenberger's complaint, based on its conclusion that he had not been diligent in his efforts to effect service in a timely manner. We affirm for substantially the same reasons set forth by the district court in its thorough and well-reasoned order.

We have considered Frankenberger's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2