Tolchin v. County of Nassau

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SCOTT A. TOLCHIN, HEIDI TOLCHIN,
          Plaintiffs-Appellants,

          v.                                            18-2117

COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT,
DETECTIVE ROBIN ARCHBOLD, IN
HER INDIVIDUAL CAPACITY, POLICE
OFFICERS JOHN DOE 1 THROUGH

JOHN DOE 10, (THE NAME "JOHN DOE" BEING FICTITOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITIES, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE,

                                  **Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:                        William K. Joseph (Louis F. Chisari, on the brief), Marcote & Associates, P.C., Hicksville, NY.

FOR APPELLEES:                         Adam M. Moss (Robert F. Van der Waag, Deputy County Attorney, on the brief), for Jared A. Kasschau, Nassau County Attorney, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Scott Tolchin and Heidi Tolchin appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.) dismissing their complaint for untimely service of process. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In March 2013, the plaintiffs hosted a birthday party for their 14-year-old daughter at their home in Merrick, New York. During the party, Mr. Tolchin was involved in a physical altercation with an individual who lived in the

neighborhood, Robin Archbold, and who, unbeknownst to the plaintiffs, was an off-duty police detective. Police officers arrived at the Tolchins' home, arrested Mr. Tolchin, and brought him to the station house, where he was charged with various offenses of which he was eventually found not guilty at trial. At the station house, Mr. Tolchin fell in a poorly lit stairway and fractured six ribs.

In March 2016, the plaintiffs filed a complaint in district court alleging claims including false arrest, false imprisonment, excessive force, and malicious prosecution. The district court clerk's office rejected the proposed summons, and plaintiffs took no further action. On October 19, 2016, seven months later, the district court issued an electronic order noting that there had been no action in the case and directing plaintiffs to provide a status report or risk closure for failure to prosecute. Counsel for plaintiffs responded a week later by letter, representing that upon issuance of the summons, defendants would be served "expeditiously." After rejecting two more proposed summonses filed by the plaintiffs, the clerk's office accepted a proposed summons on October 28, 2016. Despite counsel's representations to the court, nothing further was done to effectuate service for nine months.

In July 2017, more than 16 months after the complaint was filed, the district court ordered the plaintiffs to appear and show cause why the case should not be dismissed for failure to effect service on the defendants. The plaintiffs ultimately effected service on July 28, 2017. Nevertheless, the district court granted a motion by the defendants to dismiss the complaint for failure to timely serve process under Federal Rule of Civil Procedure 4(m).

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

The plaintiffs do not contest that they lack good cause for their failure to timely effect service. Instead, they argue that the district court should have exercised its discretion to extend the time for service despite the lack of good cause.

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." Zapata, 502 F.3d at 197 (emphasis in original). The plaintiffs have failed to make a showing of a colorable excuse for their untimely service. Instead, they concede that the more than 16-month delay in service was caused by their counsel's repeated neglect. The plaintiffs argue that an extension was nonetheless warranted because they face prejudice in the absence of an extension--i.e., the denial will result in their claims being barred by the statute of limitations--and because the defendants would face limited prejudice if an extension were granted, as they had actual notice of the claims asserted in the complaint. But without a colorable excuse for the failure to timely serve process, "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." See Zapata, 502 F.3d at 198. The district court considered in a written opinion the prejudice that each party would face from a dismissal or extension, and reasonably determined that no extension was warranted. We accordingly see no abuse of discretion in the district court's dismissal pursuant to Rule 4(m).

We have considered the plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4