19-416-cv
*Harmon v. Bogart, et al*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                              *Circuit Judges*,
            CHRISTINA REISS,
                              *District Judge.*[*]

---

JAMES HARMON,

                 *Plaintiff-Appellant,*                          19-416-cv

            v.

MARNI BOGART, COUNTY OF ERIE, NEW YORK,

                 *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        GERALD T. WALSH, Zdarsky, Sawicki &
                                    Agostinelli LLP, Buffalo, NY.

**FOR DEFENDANTS-APPELLEES:**       ANN E. EVANKO, Hurwitz & Fine, P.C.,
                                    Buffalo, NY.

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from a February 8, 2019 judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant James Harmon ("Harmon") challenges the dismissal of his complaint for failure to timely serve Defendants-Appellees Marni Bogart and the County of Erie, New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 4(m) of the Federal Rules of Civil Procedure provides guidance for how a District Court may handle a plaintiff's failure to make proper service of process. Ordinarily, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant." FED. R. CIV. P. 4(m).

However, Rule 4(m) also provides two ways in which a District Court may grant an extension to a plaintiff who has failed to timely serve process. First, it states that if service is not made within ninety days, the District Court may "order that service be made within a specified time." *Id.* This provision gives District Courts discretion to grant an extension if they deem it appropriate. *See, e.g.*, *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (noting that this first clause of Rule 4(m) "commits extensions . . . to the sound discretion of the district court"). Second, Rule 4(m) states that "if the plaintiff shows good cause for the failure [of service], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). This provision *requires* District Courts to grant an extension if the aforementioned "good cause" is shown.[1]

Harmon argues that the District Court erred in two ways: first, in determining that no "good cause" existed to justify a mandatory extension of the time period for serving Defendants-Appellees;

---

[1] It is worth noting that, although an extension is required when the District Court finds "good cause," it is not mandatory that the District Court undertake a specific type of inquiry when looking for "good cause." As we have said:

[i]t is clear under the second clause of Rule 4(m) that an extension is always warranted upon a showing of "good cause," because the rule commands that an "appropriate" extension "shall" be granted upon such a showing. But it is perhaps misleading to describe the provision as "mandatory." After all, the district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion.

*Zapata*, 502 F.3d at 197.

second, in failing to properly consider those factors that would justify a discretionary extension even absent "good cause." We disagree with both arguments, finding that the District Court properly dismissed the complaint for failure to make timely service.

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." *Zapata*, 502 F.3d at 195. "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) (quoting *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)).

*First*, we conclude that the District Court reasonably found that Harmon lacked good cause for his failure to serve process. Harmon's attorney admitted his error, noting in a declaration to the District Court that the failure to serve process was "[d]ue to my forgetfulness." App. 40. The attorney further noted that the failure to serve process was a "mistake" for which he was "solely responsible." *Id.* Only after making such admissions did he offer alternative excuses for Harmon's deficient service. *Id.* at 41-42.

We have previously concluded that "attorney neglect" does not constitute good cause sufficient for an extension of the period to make service. *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991) (deciding that such neglect was not good cause under Rule 4(j), the immediate predecessor to Rule 4(m)). Since Harmon's attorney in this case was, according to his own statements, negligent, we conclude that Harmon failed to show the good cause necessary to trigger a mandatory extension of the filing period for service of process. Accordingly, the District Court did not abuse its discretion in deciding that Harmon lacked "good cause."

*Second*, we conclude that the District Court reasonably denied Harmon a discretionary extension under Rule 4(m). "As we have held, a district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata*, 502 F.3d at 197. Harmon argues that such a discretionary extension was especially warranted in his case because once his complaint was dismissed, he was barred from refiling it. In his case, even though his complaint was dismissed without prejudice—as Rule 4(m) requires—the underlying statute of limitations on his claim had run, meaning that the dismissal was effectively permanent. We have noted that when the statute of limitations has run "the district courts [must] decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Id.* at 198. An expired statute of limitations thus does not always warrant a discretionary extension, as that decision is committed to the "sound discretion of the district court." *Id.* at 197.

Here, the District Court clearly weighed, on the record, the impact that a dismissal or an extension would have on the parties before ordering a dismissal. There was no error in how it

conducted such a balancing, particularly because, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Id.* at 198. Accordingly, since the District Court acted well within the discretion granted to it, we do not find an abuse of discretion in its refusal to grant an extension to Harmon.

## CONCLUSION

We have reviewed all of the arguments raised by Harmon on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 8, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4