*Fantozzi v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> *Circuit Judges*.

———————————————————————

STEPHEN JOSEPH FANTOZZI,

> *Plaintiff-Appellant*,

v.                                                                  23-1111

CITY OF NEW YORK, ANTHONY P. SCLAFANI, NYPD Police Officer, in his individual and official capacity, ANGEL L. FIGUEROA, JR., NYPD 1st Precinct Commanding Officer, in his individual and official capacity,

> *Defendant-Appellees*,

JOHN AND JANE DOE 1 THROUGH 10, NYPD Officers, in their individual and official capacities (the names John and Jane Doe being fictitious, as their true names are presently unknown),

> *Defendants*.

———————————————————————

1

For Plaintiff-Appellant:          JOSEPH M. STANCATI, Law Office of Joe Stancati, New York, NY.

For Appellees:          JOSH LIEBMAN (Richard Dearing, Rebecca L. Visgaitis, *on the brief*) *for* the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stephen Joseph Fantozzi appeals from a judgment entered on July 11, 2023 in the United States District Court for the Southern District of New York (Woods, *J.*) dismissing his 42 U.S.C. § 1983 action alleging police misconduct against the City of New York and various New York City Police Department officers. In an October 20, 2022 memorandum opinion and order, the district court dismissed with prejudice Fantozzi's claims against two named Defendants, Officers Anthony P. Sclafani and Angel L. Figueroa, Jr., for failure to effect timely service.[1] Although the final day to timely serve Sclafani and Figueroa was August 16, 2021—90 days after the complaint was filed—the named officers were not served until March 9 and March 17, 2022, respectively. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

---

[1] The district court also dismissed Plaintiff's claims against the City of New York and New York City Police Department Officers John and Jane Does 1-10. ECF Dkt. No. 34. Fantozzi does not pursue these claims on appeal.

"We review a district court's dismissal for failure to timely serve process under [Fed. R. Civ. P.] 4(m) for abuse of discretion." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York,* 589 F.3d 94, 99 (2d Cir. 2009) (citation omitted). "In the Rule 4(m) context, a district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). In keeping with the "good cause" requirement, this Court "generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can 'advance some colorable excuse for neglect.'" *Id.* (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)). We also will not find an abuse of discretion "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197.

Fantozzi argues that the district court erred in dismissing his claims. We disagree. The district court properly considered whether Fantozzi showed "good cause" for the failure to effect timely service and concluded that he had not. It noted that Plaintiff's counsel, Joseph M. Stancati, identified no attempts to serve Sclafani or Figueroa prior to March 2022 and at no point moved for

an extension of time to effect service. The court also discussed "significant gaps" in an affirmation filed by Stancati, *Fantozzi v. City of New York*, 343 F.R.D. 19, 27 (S.D.N.Y. 2022), in which he alleged that it had been "financially impracticable" to arrange for service upon Sclafani and Figueroa sooner, ECF Dkt. No. 32 at 2. These included unresolved questions regarding why Stancati took the case if he faced financial difficulties that might impede him from effecting service, why he did not seek leave for Fantozzi to proceed *in forma pauperis*, and why he was able to timely serve the City of New York, but not the individual defendants. The district court assessed that the affirmation's references to Stancati's financial issues and explanation of a single effort to obtain funding for cases lacked sufficient detail for the court to conclude that counsel acted "diligently." *Fantozzi*, 343 F.R.D. at 29. The district court did not abuse its discretion in concluding that Fantozzi failed to show good cause.

The court also properly weighed the impact on the parties of a discretionary extension of time to effect service in the absence of good cause and reasonably found dismissal appropriate. Where, as here, the statute of limitations has run on a plaintiff's claims, "we leave to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant." *Zapata*, 502 F.3d at 198. Here, the court noted that the City of New York's answer to the complaint put Stancati on notice that Sclafani and Figueroa had not been served as of October 25, 2021, and that at no point did Stancati notify Defendants or the court that financial difficulties rendered him unable to serve process. In considering the potential impacts of its decision, the court weighed in favor of Plaintiff that the applicable statute of limitations had run and that Sclafani and Figueroa may have had actual notice of the complaint. It weighed in favor of Defendants that they had not attempted to conceal the defect in service and would be prejudiced by having to litigate Plaintiff's time-barred claims. The court reasoned that the balance tipped in favor of Defendants due to "Mr.

4

Stancati's abject failure to justify adequately his untimely service" and the lack of an "'acceptable explanation for [Plaintiff's counsel's] failure to even attempt to serve the Moving Defendants within the appropriate time period under Rule 4(m), or request an extension to do so.'" *Fantozzi*, 343 F.R.D. at 31 (quoting *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 437 (S.D.N.Y. 2016)). The district court properly "weighed the impact[s]" on the parties here and reached a decision within the scope of its discretion. *Zapata*, 502 F.3d at 197.

To the extent Fantozzi asserts that the district court erred in dismissing his claims because he did not cause the delay, no intentional conduct on his part transpired, and granting an extension would cause little, if any, prejudice to Defendants, we disagree. "We have previously concluded that 'attorney neglect' does not constitute good cause sufficient for an extension of the period to make service." *Harmon v. Bogart*, 788 Fed. Appx. 808, 809 (2d Cir. 2019) (unpublished) (quoting *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991) (*superseded on other grounds*) (decided under Rule 4(j), the predecessor to Rule 4(m)). Fantozzi's assertions cannot overcome counsel's failure to "advance some colorable excuse" for counsel's neglect, particularly in light of the notice Stancati received of his failure to timely serve Sclafani and Figueroa. *Zapata*, 502 F.3d at 198. The district court also did not abuse its discretion in finding an extension likely to cause "significant" hardship to Sclafani and Figueroa. *Fantozzi*, 343 F.R.D. at 31. In these circumstances, there is no merit to Fantozzi's argument that the interests of justice support granting him an extension even in the absence of a colorable excuse for neglect. The court's conclusion that dismissal of his complaint was warranted falls squarely "within the range of permissible decisions." *Lynch,* 589 F.3d at 99.

\* \* \*

5

We have considered Fantozzi's remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court