13-2277-pr
Green v. County of Monroe

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              Circuit Judges.

-------------------------------------------------x

DAVID R. GREEN,
              Plaintiff-Appellant,

         v.                                      13-2277-pr

ROBIN UNWIN, Individually and in her
official capacity as Assistant
District Attorney for the County of
Monroe, TONI GREEN, a/k/a TONI
HERRING, the COUNTY OF MONROE,
              Defendants-Appellees.

-------------------------------------------------x

FOR PLAINTIFF-APPELLANT:     David R. Green, pro se, Hilton, New
                             York.

FOR DEFENDANTS-APPELLEES:    Howard A. Stark, Meredith H. Smith,
                             and Mallorie C. Rulison, Monroe County
                             Law Department, Rochester, New York.

Appeal from a judgment and order of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION**, IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-appellant David R. Green, proceeding pro se, appeals from the judgment of the district court entered November 6, 2012 dismissing the complaint and its order entered May 3, 2013 denying his motion for reconsideration.[1] By decision and order dated November 5, 2012, the district court dismissed the case without prejudice for failure to effect service upon defendants and with prejudice as to the claims against the County of Monroe. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews dismissals under Federal Rule of Civil Procedure 4(m) for failure to timely serve process for abuse of discretion. See Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010). The denial of a Rule 60(b) motion is also reviewed for abuse of discretion. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (per curiam). A district court abuses its discretion if it bases its ruling on an erroneous view of the law or

---

[1] Although Green's notice of appeal refers only to the district court's denial of his motion for reconsideration, because Green's motion to reconsider and notice of appeal were timely filed, this "suffices to bring up for review the underlying" judgment and renders the appeal from the underlying judgment timely. See "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121-22 (2d Cir. 2008). Here, Green's Rule 60(b) motion was filed within 28 days of the judgment and his notice of appeal was filed within 30 days of the order denying reconsideration. See Fed. R. App. P. 4(a)(4)(A)(vi).

clearly erroneous findings of fact, or if its decision "cannot be located within the range of permissible decisions." Lynch v. City of New York, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation mark and citations omitted).[2]

> Pursuant to Rule 4(m):
>
> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A district court also has discretion to enlarge the 120-day period for service in the absence of good cause. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). We have suggested that we will not "even consider vacating" a district court's dismissal for lack of service unless the appellant "advance[s] some colorable excuse for neglect." Id. at 198.

Independent review of the record and relevant case law reveals no error in the district court's order dismissing Green's complaint or its order denying reconsideration. We therefore affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned orders.

Green contends that he was confused by the district court's order filed January 6, 2012 (Larimer, J.), which gave him 30 days to file an Amended Complaint and directed him to "take steps to

---

[2] Green does not challenge the district court's dismissal with prejudice of his claims against the County of Monroe, and therefore we deem the issue waived. See Ozaltin v. Ozaltin, 708 F.3d 355, 371 (2d Cir. 2013) (holding an issue not raised on appeal to be waived).

properly serve the Amended Complaint," (App. 98), and the district court's order filed January 19, 2012 (Siragusa, J.), accepting Green's Amended Complaint and giving him an extension until February 15, 2012 to effect service of process on defendants by serving them with the Amended Complaint. Although there is some arguable inconsistency in that the first order did not set a firm date for the service of the Amended Complaint while the second order did set a firm date, the January 19th order explicitly directed Green to serve the Amended Complaint by February 15, 2012, further stating that the action would be dismissed if Green failed to comply. Indeed, Green concedes as much on appeal. Although Green was pro se, "all litigants, including pro ses, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks omitted). Green did not comply, and he has not advanced a colorable excuse for failing to do so. See Zapata, 502 F.3d at 198.

We have considered Green's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk