14-664-cv
Chen v. Ma, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of February, two thousand fifteen.

Present: PIERRE N. LEVAL,
ROSEMARY S. POOLER,
DENNY CHIN,
*Circuit Judges*.

_____

WEIMING CHEN, Preparatory Committee of Statue of Democracy (Foundation), 1919 Madison Avenue, Apt. 417, New York, NY 10005,

*Plaintiff-Appellant*,

v.                                                          14-664-cv

YING-JEOU MA, The President of the Republic of China, Taiwan (ROC), 122 Chongqing South Road, Zhongzheng District, Taipei, Taiwan, ROC c/o Taipei Economic & Cultural Office (TECO) 1 East 42nd Street, 11th Floor, New York, NY 100176904, HSI-LUNG LEE, The Chief of the Bureau of Civil Affairs Government of Kinmen County, 60 Minshend Rd, Jincheng Tsp., Kinmen County 893, Taiwan, the Republic of China c/o Taipei Economic & Cultural Office (TECO) 1 East 42nd Street, 11th Floor, New York, NY 10017-6904, JOHN DOES, MARY ROES,

*Defendants-Appellees*.

_____

Appearing for Appellant:      Ning Ye, Law Office of Ning Ye, Flushing, N.Y.

Appearing for Appellees:       Laina Lopez (Thomas G. Corcoran, Jr., *on the brief*), Berliner
                               Corcoran & Rowe, LLP, Washington, D.C.

                               Deborah B. Koplovitz, Rosen Livingston & Cholst LLP, New
                               York, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald,
*J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

     Appellant Weiming Chen appeals from the January 31, 2014 order of the United States
District Court for the Southern District of New York (Buchwald, *J.*), which denied his motion
under Fed. R. Civ. P. 60(a) and (b). Chen's Rule 60 motion sought relief from the district court's
January 10, 2014 order denying his motion to reopen the time to file an appeal pursuant to Fed.
R. App. P. 4(a)(6). We assume the parties' familiarity with the underlying facts, procedural
history, and specification of issues for review.

     We review the denial of a Rule 60 motion for abuse of discretion. *Paddington Partners v.
Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) (Rule 60(a)); *Johnson v. Univ. of Rochester Med.
Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60(b)). A court abuses its discretion when its
decision (1) rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found
within the range of permissible decisions. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d
Cir. 2001).

     "[A] notice of appeal from denial of a motion to reconsider, filed within ten days of the
order or judgment sought to be considered, suffices to bring up for review the underlying order
or judgment, at least where the motion renews arguments previously made."[1] *"R" Best Produce,
Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008) Because Chen's Rule 60 motion was filed only
six days after the district court's order denying relief under Fed. R. App. P. 4(a)(6), and because
Chen's Rule 60 motion substantially duplicates previous arguments, the substance of the district
court's Rule 4(a)(6) order is also properly before this Court.

     Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in
order to "implement the result intended by the court at the time [an] order was entered."
*Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999) (internal quotation marks
omitted). However, a court acting pursuant to Rule 60(a) may not make "changes that alter the
original meaning [of an order] to correct a legal or factual error." *Id.* at 151.

     Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving

---

[1] The ten-day deadline has since been extended to 28 days, at least in one summary order
of this Court, in order to reflect the 2009 amendments to Fed. R. App. P. 4, extending the time
within which the filing of a motion for reconsideration tolls the time allowed for an appeal. *See
Green v. Unwin*, 563 F. App'x 7, 8 n.1 (2d Cir. 2014).

party demonstrates exceptional circumstances." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). The rule provides a party relief from an order or judgment on grounds of, inter alia: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1-2),(6). A Rule 60(b) "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

We find that the district court did not abuse its discretion in denying Chen's Rule 60(a) and (b) motion. With respect to Rule 60(a), Chen's motion failed to point to any clerical error in the district court's denial of his motion to reopen the time to file an appeal. Nor does our review of the record reveal any such mistake requiring correction. As to relief under Rule 60(b), Chen presented to the district court no new evidence or controlling decisions that "might reasonably be expected to [have] alter[ed] the conclusion reached by the court." *See id*. The affidavit that Chen cited to the district court as "newly discovered evidence" was, in fact, presented to and considered by the district court in its denial of his motion to reopen. Because Chen merely sought to relitigate issues already decided, he plainly failed to demonstrate "exceptional circumstances" that might have merited the exercise of the district court's discretion to grant relief from its prior decision. *See Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). Accordingly, we see no basis for finding any abuse of discretion here.

The Court reviews orders denying relief under Fed. R. App. P. 4(a)(6) for abuse of discretion. *See In re Worldcom, Inc.*, 708 F.3d 327, 335 (2d Cir. 2013). The Rule allows a district court to reopen the time to file an appeal if "the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed." Fed. R. App. P. 4(a)(6).

It is however an abuse of discretion to grant a motion to reopen if the party's failure to receive notice was "entirely and indefensibly a problem of its counsel's making." *In re Worldcom* at 340. The district court reasonably found that Chen had either received actual notice or failed to receive actual notice because of his attorney's inexcusable neglect. We see no reason to doubt the court's factual conclusions or its determination to deny relief.

We have considered the remainder of Chen's arguments and find them to be without merit. The order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk