23-1197-cv
Hamza v. Yandik

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

PRESENT: ROBERT D. SACK,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

AMIR M. HAMZA,

*Plaintiff-Appellant,*

v.                                                        No. 23-1197-cv

EILEEN YANDIK, STEPHEN YANDIK, WILLIAM YANDIK, GREEN ACRES FARM,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:                                    Amir M. Hamza, *pro se*,
                                                  Philmont, NY

FOR APPELLEES:                                    No brief.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Amir Hamza, proceeding *pro se*, appeals from a judgment of the United

States District Court for the Northern District of New York (Kahn, *J.*) dismissing

his action against Appellees Eileen Yandik, Stephen Yandik, William Yandik,

and Green Acres Farm for failure to serve them with adequate and timely

process under Rule 4 of the Federal Rules of Civil Procedure.  *See Hamza v.*

*Yandik*, No. 19-CV-447, 2023 WL 5336812 (N.D.N.Y. Aug. 18, 2023).  In his

operative complaint, Hamza alleges that Appellees failed to pay him for work he

completed as an employee on their farm, in violation of the Fair Labor Standards

Act, New York Labor Law, and New York common law relating to breach of

contract.[1]  We assume the parties' familiarity with the underlying facts and the

---

[1] The District Court previously dismissed Hamza's other claims under 28 U.S.C. §
1915(e)(2). *See Hamza v. Yandik*, No. 19-CV-447, 2021 WL 326208, at *2, *9 (N.D.N.Y. Jan.
29, 2021).

record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On January 29, 2021, the District Court, in view of Hamza's status as a litigant proceeding *in forma pauperis*, directed the United States Marshals Service to effectuate service on his behalf. The Marshals Service apparently mailed Appellees copies of the complaint and summonses, along with a form requesting that they waive service of process. Appellees declined to waive service, and the Marshals Service made no further attempt to serve them. In May 2021 Hamza served the complaint and summonses on Appellees' lawyers at their office.

Appellees moved to dismiss Hamza's case on the ground that Hamza's attempts at service were untimely and inadequate. The District Court denied their motion, extended Hamza's service deadline by 60 days, directed the Marshals Service to attempt service a second time, and informed Hamza that if the Marshals Service was again unable to effectuate service, he could move for leave to serve Appellees through alternative means. *See Hamza v. Yandik*, No. 19-

CV-447, 2022 WL 976888, at *6–9 (N.D.N.Y. Mar. 31, 2022).[2] Neither Hamza nor

the Marshals Service filed anything within 60 days of the District Court's order.

On August 26, 2022, several months after the deadline had lapsed, the

Court directed Hamza to provide a status update regarding service, but Hamza

failed to respond. On December 2, 2022, the Court gave Hamza a final, 14-day

deadline to show good cause for his failure to serve Appellees or request an

alternate means of service. Hamza again failed to respond within the 14-day

period. On December 19, 2022 (the next business day after the deadline), Hamza

responded by letter that he had not effectuated service because the Marshals

Service had failed to serve Appellees, and because he had suffered several

personal setbacks in the preceding months that contributed to his delay. He

attached to his letter forms signed by a process server stating that the Appellees

---

[2] Appellees swore to the fact that they did not authorize their attorneys to receive service on their behalf. Appellees therefore argued that Hamza's service of their attorneys in May 2021 was insufficient. When the District Court extended Hamza's deadline to effect service of process, it declined to "rule on the validity of that . . . attempt at service of process," holding that the issue was moot in light of the court's further extension of the deadline. *Hamza*, 2022 WL 976888, at *8. That was incorrect; if the service on the attorneys was effective, there would have been no need for an extension, and the case could have proceeded. Given, however, that "plaintiff is responsible for having the summons and complaint served within the time allowed," and that Hamza never established that Appellees' attorneys were authorized to accept service on Appellees' behalf, Hamza's effort to serve Appellees through their attorneys was insufficient. Fed. R. Civ. P. 4(c)(1).

had been personally served at their lawyers' address that same day. Further, approximately a month later, Hamza filed proof that the Deputy Sheriff of Columbia County had served process on Appellees.

Appellees filed a second motion to dismiss for Hamza's failure to render timely service under Rule 4(m), which the District Court granted on August 18, 2023. *Hamza*, 2023 WL 5336812, at *6. This appeal followed. We review such dismissals for abuse of discretion. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010).

A district court abuses its discretion "if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (quotation marks omitted). Rule 4(m) gives a plaintiff 90 days to effectuate service. Fed. R. Civ. P. 4(m). If a district court finds that a plaintiff has shown "good cause" for failing to meet this deadline, then it "must extend the time for service for an appropriate period." *Id.* Alternatively, even in the absence of good cause, a district court has discretion to extend a plaintiff's service deadline if it concludes that such an extension is warranted. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Either way, Rule 4(m) "involve[s] a weighing of

5

overlapping equitable considerations." *Id.* at 197. We will conclude that the district court acted within its discretion if there are "sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Id.*

We conclude that the District Court did not abuse its discretion when it declined to grant Hamza another extension to serve Appellees and dismissed his case. We appreciate that Hamza expected the Marshals Service to effectuate service given the District Court's orders.[3] "The failure of the U.S. Marshals Service to properly effect service of process constitutes 'good cause' for failure to effect timely service, within the meaning of . . . Rule . . . 4(m)." *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013). Here, however, the District Court gave Hamza a 60-day extension and advised him how to proceed in the event that the Marshals Service could not effectuate service. *See Hamza*, 2022 WL 976888, at *6–8, *11. At that point, after it became "apparent that the Marshals w[ould] not

---

[3] Appellees declined to waive service at the Marshals Service's request. Hamza argues that a defendant is "required, by law, to either return the Waiver of Service or provide the Court with a 'good cause' for their failure to return the Waiver of Service." Appellant's Br. 29. We disagree. A district court must impose the cost of service on a defendant who declines to waive service without good cause, but a defendant need not show good cause in order to insist on formal service. *See* Fed. R. Civ. P. 4(d)(2). None of Hamza's other attempts at service were made within Rule 4(m)'s initial 90-day deadline or the District Court's 60-day extension of time.

[serve defendants] . . . by the Rule 4(m) or court-ordered deadline," Hamza should have "advise[d] the district court that [he was] relying on the Marshals to effect service and request[ed] a further extension of time for them to do so." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Hamza failed to do this; he also failed to otherwise serve Appellees within the District Court's deadline, as his further attempts at service on December 19, 2022, and in January 2023 through the sheriff's office, were both after the District Court's deadline.

The District Court also weighed the equities before dismissing Hamza's case. First, the District Court acknowledged the developments in Hamza's personal life that contributed to the delay, the fact that Appellees had actual notice of Hamza's complaint, and the fact that the relevant statutes of limitations would likely bar Hamza's claims if he refiled. *Hamza*, 2023 WL 5336812, at *4–5. The District Court determined, however, that these factors were outweighed by the duration of Hamza's delay, his failure to comply with multiple orders, and the fact that he had been advised about what to do if the Marshals Service could not serve Appellees in time. *Id*. at *5–6. Thus, there are "sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197. We recognize that this is a

harsh and unfortunate result. But based on the particular facts and circumstances presented in this case, even if "we might well have exercised discretion differently were it for us to decide in the first instance," we cannot conclude that the District Court's decision to hold Hamza to its oft-extended deadline was "a reversible abuse of discretion." *Meilleur*, 682 F.3d at 63. [4]

All of Hamza's pending motions, including his request that this Court consider new evidence that was not presented to the District Court, are denied. *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record.").

---

[4] While it was within the discretion of the District Court to dismiss Hamza's case, we are mindful of our obligation to "afford a special solicitude to *pro se* litigants." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023). We note accordingly that the dismissal of Hamza's case was without prejudice, meaning there is no preclusive effect on a subsequent claim. *See Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996). The District Court acknowledged that statutes of limitations applicable to the Fair Labor Standards Act, New York Labor Law, and breach of contract claims likely bar Hamza's refiling of those claims. *Hamza*, 2023 WL 5336812, at *5 & n.1. We do not decide whether the relevant statutes of limitations may be equitably tolled in Hamza's case. *See Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (quotation marks omitted)). We do, however, note that if it is Hamza's intention to bring his claims in a new action, he should consider first consulting with the Pro Se Assistance Program, a program of the Northern District of New York Federal Court Bar Association, which, we gather, provides free legal advice and assistance to *pro se* litigants.

We have considered Hamza's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court